IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON C. STEVENSON, et al., | No. C-11-4950 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO CONTINUE PRETRIAL AND TRIAL DEADLINES** |
| v. | |
| THE CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

    Before the Court is plaintiffs' Administrative Motion and Motion to Continue Pretrial and Trial Deadlines, filed March 28, 2013. Defendants have filed opposition. Having read and considered the parties' respective written submissions, the Court rules as follows.

    Although defendants correctly observe that the instant motion is not properly brought as a motion for administrative relief, see Civil L. R. 7-11 (providing motion for administrative relief appropriate for such matters as requests to exceed page limitations or to file documents under seal), the Court will exercise its discretion to hear the matter in the manner presented, as defendants not only had but took the opportunity to respond to the merits of the motion, and, consequently, are not prejudiced by plaintiffs' failure to correctly notice the motion.[1]

---

[1] Moreover, given plaintiffs filed the motion as an administrative motion, plaintiffs are precluded from filing a reply to defendants' opposition. See Civil L.R. 7-11(c).

1    Turning to the merits of the motion, the Court finds that, in light of the timing of the
2 production of the discovery materials covered by the parties' stipulated protective order,
3 plaintiff has shown good cause exists to extend the remaining pretrial deadlines, albeit not
4 for the full length of time requested by plaintiff.  Accordingly, to the extent the motion seeks
5 an order extending the remaining pretrial deadlines, the motion is hereby GRANTED in
6 part, and the Court hereby EXTENDS the remaining pretrial deadlines, as follows:

| | |
|---|---|
| Non-expert Discovery | August 30, 2013 |
| Designation of Experts | September 20, 2013 |
| Designation of Rebuttal Experts | October 4, 2013 |
| Expert Discovery | October 25, 2013 |
| Filing of Dispositive Motion(s) | November 8, 2013 |
| Meet and Confer | December 23, 2013 |

13    Further, in light of the above, the Status Conference is hereby CONTINUED from
14 May 10, 2013 to August 23, 2013, at 10:30 a.m.; the parties shall file a Joint Status
15 Conference no later than August 16, 2013.

16    To the extent the motion seeks a continuance of the pretrial conference and trial
17 dates, the motion is hereby DENIED, as sufficient time for completion of discovery and
18 resolution of pretrial motions remains without modification of the pretrial conference and
19 trial dates as presently set.

20    Lastly, the Court considers whether plaintiffs have shown good cause for an
21 extension of the deadline to amend pleadings.  Deadlines set out in a pretrial order "may be
22 modified only for good cause."  See Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause'
23 standard primarily considers the diligence of the party seeking the amendment."  Johnson
24 v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Good cause may be
25 found to exist where the moving party shows . . . [1] that it is unable to comply with the
26 scheduling order's deadlines due to matters that could not have reasonably been foreseen
27 at the time of the issuance of the scheduling order, and [2] that it was diligent in seeking an
28 amendment once it became apparent that the party could not comply with the scheduling

2

order." See Kuschner v. Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009). Here, plaintiffs have not made the requisite showing. In particular, plaintiffs have not provided the proposed amended pleading or otherwise sufficiently identified the nature of the new claims they wish to assert,[2] nor, consequently, have plaintiffs shown they could not, with reasonable diligence, have discovered those claims earlier. Moreover, plaintiffs have failed to set forth any facts to show they were diligent in seeking to extend the deadline once they assertedly learned they had grounds to move to amend the operative complaint.

Accordingly, to the extent the motion seeks an extension of the deadline to amend the pleadings, the motion is hereby DENIED as premature, and without prejudice to plaintiffs' filing a motion, pursuant to Civil Local Rule 7-2, in which plaintiffs identify both the proposed amendments and any good cause that may exist to extend the deadline to amend the pleadings.

**IT IS SO ORDERED.**

Dated: April 5, 2013

MAXINE M. CHESNEY
United States District Judge

---

[2] Although plaintiffs assert they cannot amend until they have satisfied certain claim presentation requirements under California law, nothing would appear to preclude plaintiffs from submitting their proposed amended pleading prior to plaintiffs' having satisfied those requirements.

3