IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AARON C. STEVENSON, et al.,

    Plaintiffs,

  v.

THE CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

No. C-11-4950 MMC

**ORDER AFFORDING PLAINTIFFS LEAVE TO FILE SURREPLY RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is the "Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment," filed August 7, 2015, by defendants City and County of San Francisco, San Francisco Fire Department, San Francisco Fire Commission, and Civil Service Commission of San Francisco (collectively, "the City"). Plaintiffs Aaron C. Stevenson, Kevin D. Taylor, Kevin W. Smith, Audry Lee and Kirk W. Richardson have filed opposition, to which the City has replied.

Having read and considered the papers filed in support of and in opposition to the motion, the Court, as discussed below, finds it appropriate to afford plaintiffs leave to file a surreply, limited to two issues.

**A. Statute of Limitations Defense as to Certain Claims Made on Behalf of Smith**

In its motion, the City correctly notes that plaintiffs, in the First Amended Complaint ("FAC"), allege that Aaron C. Stevenson ("Stevenson"), Kevin D. Taylor ("Taylor") and Kevin

1  W. Smith ("Smith") were subjected to discriminatory and retaliatory conduct "[i]n addition to
2  their allegations of discrimination in relation to the H-50 exam and promotions" (see Defs.'
3  Mot. at 11:17-19; see also id. at 11:20 - 12:3 (citing FAC ¶¶ 89, 108-110, 113-119, 122-
4  131)).  The City argues that (1) to the extent plaintiffs allege such conduct was in violation
5  of 42 U.S.C. § 1981 and the conduct occurred more than four years prior to the date on
6  which the instant action was filed, the § 1981 claims are barred by the statute of limitations,
7  and (2) to the extent plaintiffs allege such conduct was in violation of 42 U.S.C. § 1983 and
8  the conduct occurred more than two years prior to the date on which the instant action was
9  filed, the § 1983 claims are barred by the statute of limitations.
10           In its moving papers, the City makes the above-referenced argument only with
11  respect to § 1981 and § 1983 claims alleged on behalf of Stevenson and Taylor.  (See
12  Defs.' Mot. at 15:22 - 16:14.)  In its reply, however, the City does raise the same argument
13  with respect to Smith.  (See Defs.' Reply at 6:22-28.)
14           Given the manner in which the City's statute of limitations argument, as it pertains to
15  § 1981 and § 1983 claims brought on behalf of Smith, was raised, the Court finds it
16  appropriate to afford plaintiffs leave to respond in a surreply, specifically, to address
17  whether § 1981 and § 1983 claims based on the conduct identified in the FAC at ¶¶ 123-
18  129 and ¶ 131 are barred by the statute of limitations.
19  **B. Municipal Liability Claims**
20           In its motion, the City argues that, to the extent plaintiffs seek relief under § 1981
21  and § 1983, plaintiffs cannot establish a municipal liability, i.e., a Monell, claim.  (See Defs.'
22  Mot. at 34-35 (citing Monell v. Department of Social Services, 436 U.S. 658 (1978).)  In so
23  arguing, the City appears to be of the view that plaintiffs are basing their Monell claim on
24  each adverse employment act identified in the FAC.  The FAC, however, does not
25  expressly include such an allegation, and, in their opposition, plaintiffs respond to the
26  above-referenced argument only as it pertains to plaintiffs' claims based on the City's
27  adoption and use of the H-50 Assistant Chief examination (see Pls.' Opp. at 35:3-14, 26-
28  28), thus suggesting plaintiffs are basing their Monell claim only on that conduct.

To assist the Court in determining the basis for plaintiffs' <u>Monell</u> claim, the Court will afford plaintiffs leave to clarify in a surreply if they are basing their <u>Monell</u> claim on any alleged adverse employment act other than the City's adoption and use of the H-50 Assistant Chief examination. In particular, plaintiffs should indicate whether they are basing their <u>Monell</u> claim on any of the allegedly adverse employment acts identified in the FAC at ¶¶ 89, 108-110, 118-119, 123, 124-131, and, if so, to identify the asserted municipal custom or practice implicated by each such adverse employment act.

**CONCLUSION**

For the reasons stated above, plaintiffs are hereby afforded leave to file, no later than December 18, 2015, a surreply, limited to five pages in length, exclusive of exhibits, to address the two issues identified above.

As of December 18, 2015, unless the parties are otherwise advised, the Court will take defendants' motion under submission.

**IT IS SO ORDERED.**

Dated: December 10, 2015

MAXINE M. CHESNEY
United States District Judge