IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AARON C. STEVENSON, et al.,

    Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

Case No. 11-cv-04950-MMC

**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY HEARING; VACATING HEARING**

Re: Dkt. No. 160

    Before the Court is the deferred portion of plaintiffs' "Motion for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction," filed February 4, 2016.[1]  Defendants have filed opposition, to which plaintiffs have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for April 1, 2016, and rules as follow.

    By the above-titled action, plaintiffs challenge a 2010 civil service examination given for the position of H-50 Assistant Chief in the San Francisco Fire Department ("the Department").  Specifically, plaintiffs allege that defendants' adoption and use of the resulting eligibility list had a disparate impact on African-Americans who took the examination, in violation of Title VII of the Civil Rights Act.  As relief, plaintiffs seek, inter alia, an award instating them to the position of H-50 Assistant Chief.

    The list created after the 2010 examination expired in January 2015.  (See Hayes-White Decl., filed February 26, 2016, ¶ 11.)  In February 2016, a second civil service

---

[1] By order filed February 5, 2016, the Court denied the motion in part.

1  examination for the H-50 Assistant Chief position was given. (See Johnson Decl., filed
2  February 26, 2016, ¶ 23.) The Department intends to use the results of that recent
3  examination to create another list (see id.), and the Chief of the Department intends to
4  use said list to fill vacant H-50 Assistant Chief positions.[2] By the instant motion, plaintiffs
5  seek a preliminary injunction enjoining the Department, pending resolution of the instant
6  action, from making promotions using the list the Department intends to create.
7        A preliminary injunction is "an extraordinary remedy that may only be awarded
8  upon a clear showing that the plaintiff is entitled to such relief." See Winter v. Natural
9  Res. Def. Council, 555 U.S. 7, 22 (2008). A plaintiff is entitled to a preliminary injunction
10 only if he demonstrates that (1) "he is likely to succeed on the merits," (2) "he is likely to
11 suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities
12 tips in his favor," and (4) "an injunction is in the public interest." See id. at 20.
13       Here, as discussed below, plaintiffs have failed to establish the likelihood of
14 "irreparable injury . . . in the absence of an injunction." See id. at 22.[3]
15       At the outset, the Court finds unpersuasive plaintiffs' argument that an irreparable
16 injury should be presumed. In support of such position, plaintiffs rely on Associated
17 General Contractors v. Coalition for Economic Equity, 950 F.2d 1401 (9th Cir. 1991), in
18 which the Ninth Circuit noted that, in a prior case, it had remarked that "an alleged
19 constitutional infringement will often alone constitute irreparable harm." See id. at 1412
20 (internal alteration, quotation and citation omitted). Here, however, none of plaintiffs'
21 //
22 //

---

[2] As of February 26, 2016, "[o]f the available six permanent H-50 positions in the Department, two [are] currently vacant after retirements." (See Hayes-White Decl. ¶ 11.)

[3] In light of such finding, the Court does not further consider herein whether plaintiffs have established the other three elements set forth in Winter. See Sampson v. Murray, 415 U.S. 61, 88 (1974) (observing that "the basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies"); Los Angeles Memorial Coliseum Comm'n v. National Football League, 634 F.2d 1197, 1201 (9th Cir. 1980) (holding district court erred in granting motion for preliminary injunction where "there was no showing of irreparable injury").

1  remaining claims raise constitutional issues.[4]  Moreover, it would appear that any such
2  presumption, as the Ninth Circuit noted in Associated General Contractors, has not been
3  applied uniformly to all constitutional claims.  See id. (citing, as example, Northeastern
4  Florida Chapter v. City of Jacksonville, 896 F.2d 1283 (1990)); Northeastern Florida
5  Chapter, 896 F.2d at 1286 (observing, "[t]he only area of constitutional jurisprudence
6  where we have said that an on-going violation constitutes irreparable injury is the area of
7  first amendment and right of privacy jurisprudence"; explaining, "[t]he rationale behind
8  these decisions was that chilled free speech and invasions of privacy, because of their
9  intangible nature, could not be compensated for by monetary damages"); see also Los
10  Angeles v. Lyons, 461 U.S. 95, 111 (1983) (holding, in case where plaintiff asserted
11  Fourth Amendment excessive force claim, plaintiff not entitled to injunction "absent a
12  showing of irreparable injury").  Consequently, the Court next considers whether plaintiffs
13  have submitted sufficient evidence to support a finding that they are likely to suffer
14  irreparable injury if the Department were to fill open H-50 Assistant Chief positions using
15  the list that will be created from the results of the recent examination.

16  In that regard, plaintiffs offer a declaration by each of the five named plaintiffs.  In
17  their respective declarations, each plaintiff states that if the Department is allowed to use
18  the new list to fill available H-50 Assistant Chief positions, such action will interfere with
19  plaintiffs' ability to obtain instatement.  (See Lee Decl. ¶ 10; Richardson Decl. ¶ 9; Smith
20  Decl. ¶ 14; Stevenson Decl. ¶ 12; Taylor Decl. ¶ 8.)  In particular, plaintiffs explain that if
21  they prevail on the issue of liability and then seek instatement to H-50 Assistant Chief
22  positions as a remedy, "[d]efendants will argue that there can be no appointments of [ ]
23  [p]laintiffs in the absence of open requisitions for the position of Assistant Chief" and thus
24  "thwart the relief sought by [ ] [p]laintiffs."  (See Pls.' Mot. at 9:1-6.)  In other words,

---

[4] The remaining claims allege violations of Title VII and the California Government Code.  Although the operative complaint also alleges deprivation of "equal rights and due process" guaranteed by the Fourteenth Amendment (see First Amended Complaint ¶¶ 148, 167, 185, 215), the Court, by order filed January 5, 2016, granted summary judgment in favor of defendant on those claims.

plaintiffs essentially contend that if they prevail on the merits and then seek instatement, they will have no meaningful equitable remedy if the positions they seek have already been filled from the new list.  The Court disagrees.  As the Supreme Court has explained, "when an appropriate position for the plaintiff is not immediately available without displacing an incumbent employee, courts have ordered reinstatement upon the opening of such a position and have ordered front pay to be paid until reinstatement occurs."  See Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 847 (2001); see, e.g., Barrett v. Salt Lake County, 754 F.3d 864, 869 (10th Cir. 2014) (affirming "equitable relief," in Title VII action by unlawfully demoted plaintiff, where district court declined to order employer to displace "innocent third party" and instead required employer to "leave [plaintiff] in his current (demoted) position [and] . . . to reinstate his pre-retaliation pay grade"; rejecting employer's argument that plaintiff received "'windfall' of more pay for less work").

Although circumstances may exist where a successful Title VII plaintiff's inability to obtain an immediate promotion may cause irreparable injury, plaintiffs have not shown any such circumstances exist here.  For example, in some cases in which courts have granted a Title VII plaintiff preliminary relief of the type sought by the instant motion, the positions at issue were intermediate in nature, i.e. potential stepping-stones to a higher position.  See, e.g., Howe v. City of Akron, 723 F.3d 651, 662 (6th Cir. 2013) (holding "substantially delayed promotions would cause irreparable injury to [plaintiffs'] careers as firefighters" where, "without promotions, [p]laintiffs [would] be unable to gain experience and unable to seek the next rank during the following round of testing"); Johnson v. City of Memphis, 444 Fed. Appx. 856, 860 (6th Cir. 2011) (rejecting employer's argument that injury suffered in absence of preliminary injunction could be compensated by "money damages," where plaintiff police officers' "loss of experience and chances to compete for promotions [were] not easily valued").  Here, by contrast, plaintiffs seek instatement as H-50 Assistant Chiefs, the highest civil service position available in the Department (see Hayes-White Decl. ¶ 2), and, consequently, any delay in such instatement will not deprive plaintiffs of the opportunity to fairly compete for further promotional opportunities.

Accordingly, there being no showing by plaintiffs that they are likely to suffer irreparable harm in the absence of the requested preliminary injunction, the motion will be denied.

**CONCLUSION**

For the reasons stated above, the deferred portion of plaintiff's motion for injunctive relief is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 29, 2016

MAXINE M. CHESNEY
United States District Judge